### APPLEGATE *v.* LUKE.

#### Opinion delivered March 14, 1927.

1. ALIENS—VALIDITY OF ALIEN LAND ACT.—Acts 1925, No. 249, known as the "Alien Land Act," denying to aliens incapable of becoming citizens and not protected by treaty the right to acquire, possess, use, occupy or transfer real estate, *held* not in conflict with Const., art. 2, §§ 2, 3, 8, 22 and 29, guaranteeing equality, due process of law, and the right not to have property taken for public use without compensation.

2. ALIENS—VALIDITY OF ALIEN LAND ACT.—The Alien Land Act of 1925, No. 249, denying to aliens incapable of becoming citizens and not protected by treaty the right to acquire, possess, use and occupy or transfer real estate *held* in violation of Const., art 2, § 20, providing that "no distinction shall ever be made by law between resident aliens and citizens in regard to the possession, enjoyment or descent of property."

Appeal from Phillips Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellant.

*Brewer & Cracraft,* for appellee.

HUMPHREYS, J.    Appellees, Lum Jung Luke, a resident alien, and E. M. Allen, a resident of Phillips County, Arkansas, instituted suit by injunction in the chancery court of said county against C. E. Yingling, prosecuting attorney for the First Judicial District, and H. W. Applegate, Attorney General of the State of Arkansas, from enforcing the alien land act of Arkansas against them, upon the ground that the act is unconstitutional and void.

A demurrer was filed to the complaint, and overruled by the court. Appellants refused to plead further, electing to stand upon their demurrer, whereupon

the chancery court declared the act unconstitutional, and perpetually enjoined appellants from enforcing the act, from which is this appeal.

The constitutionality of act 249, Acts of the General Assembly of 1925, known as the alien land act, is the sole question presented by this appeal for determination. The gist of the act is to allow aliens subject to naturalization and those protected by treaty to acquire, possess, enjoy, use, cultivate, occupy, and transfer real estate, and to prevent all other aliens from doing so, under penalty that lands acquired in violation of the act shall escheat to the State, and the violators become guilty of a felony.

It is alleged in the complaint and admitted by the demurrer that Lum Jung Luke is, and has been, a resident of said county for twenty years, and of the United States since 1882, but ineligible to naturalization and citizenship under the laws of the United States, being a person of Chinese extraction; that E. M. Allen is a resident and citizen of said county, State and the United States; that appellants are, respectively, prosecuting attorney of the First Judicial District and Attorney General of the State of Arkansas; that E. M. Allen is the owner of certain real property in the town of Elaine, within the county of Phillips, State of Arkansas, and has made a tentative contract with the said Lum Jung Luke for the purchase of said property for a valuable consideration; that appellee, Lum Jung Luke, is the owner of considerable real estate, and is engaged extensively in the buying and selling of real estate for profit, and more particularly in the buying of property in the town of Elaine for the purpose of renting the premises to workmen engaged in sawmilling occupations in said town; that appellants, C. E. Yingling and H. W. Applegate, are now threatening to institute escheat proceedings for the purpose of vesting the title to said property in the State of Arkansas, in pursuance of act 249 of the General Assembly of 1925, and are threatening to prosecute the appellees and cause an indictment to be lodged against them under the

criminal portion of said act, if the transfer of said property is made.

Appellees contend that the act in question is in conflict with §§ 2, 3, 8, 20, 22 and 29 of article 2 of the Constitution of the State. We deem it unnecessary to set out §§ 2, 3, 8, 22 and 29 of article 2 of the Constitution, or to give space in this opinion to our reasons for holding that the act is not violative of these sections, further than to cite the following recent cases of the Supreme Court of the United States construing statutes similar to the one in question, which effectively answer their arguments assailing the validity of the act as conflicting with these sections. *Truax* v. *Corrigan,* 257 U. S. 312, 42 S. Ct. 124; *Terrace* v. *Thompson,* 263 U. S. 197, 44 S. Ct. 15; *Porterfield* v. *Webb,* 263 U. S. 225, 44 S. Ct. 21; *Frick* v. *Webb,* 263 U. S. 326, 44 S. Ct. 115.

The act in question, however, seems to be in direct conflict with § 20, article 2, of the Constitution of the State. The section is as follows:

"No distinction shall ever be made by law between resident aliens and citizens in regard to the possession, enjoyment or descent of property."

Distinguished counsel for appellants admit that the section is peculiar to our own Constitution. It seems that other Constitutions do not contain such a provision. The section contains few words, and is unambiguous. The manifest and only intent which can be extracted from the language is that all resident aliens in Arkansas, whether eligible to naturalization and citizenship under the laws of the United States, have the same right to acquire and enjoy the possession of property in this State, either by purchase or descent, that any natural citizen has.

No error appearing, the decree is affirmed.